IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| DONALD MULDER, SYLVESTER JACKSON, VENTAE PARROW, DIMARCO MCMATH, JASON LATIMORE, and GLENN DAVIS, | ) ) ) ) ) | No. 2:17 C 732 |
| Plaintiffs, v. | ) ) ) ) | |
| CITY OF MILWAUKEE, WISCONSIN, | ) ) | Jury Trial Demanded |
| Defendant. | ) | |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DECLARATORY JUDGMENT AND OTHER INJUNCTIVE RELIEF**

Plaintiffs Don Mulder, Sylvester Jackson, Ventae Parrow, Dimarco McMath, Jason Latimore, and Glenn Davis, individually, by their undersigned attorneys, complain against Defendant City of Milwaukee, Wisconsin, as follows:

**Nature of the Case**

1. This is an action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201 against the City of Milwaukee (the "City") challenging the constitutionality of certain provisions of Chapter 106-51 of the Milwaukee Code of Ordinances, effective January 14, 2015 (the "Ordinance"). See Exhibit A.

2. In particular, Plaintiffs challenge §3(a) of the Ordinance, which prohibits Designated Offenders[1] from establishing a permanent or temporary

---

[1] The Ordinance defines "Designated Offender" as "any person who is required to register under §301.45, Wis. Stats. for any offense against a child or any person who is required to register under §301.45, Wis. Stats. and who has been designated a Special Bulletin Notification (SBN) sex offender pursuant to §301.46(2) and (2m), Wis. Stats." §106-51(2)(b).

1

residence "within 2,000 feet of any school, licensed day care center, park, recreational trail, playground or any other place designated by the city as a place where children are known to congregate."[2]

3. Plaintiffs contend that this provision of the Ordinance violates the U.S. Constitution in three distinct ways:

   (1) It violates the Ex Post Facto Clause because it prohibits Designated Offenders from residing in approximately 97 percent of the City, thereby effectively banishing them from the City;

   (2) It violates the Equal Protection Clause of the Fourteenth Amendment because, given the existence of certain exceptions to the Ordinance's residency restrictions,[3] the Ordinance draws distinctions between different groups of Designated Offenders that are not rationally related to a legitimate state interest; and

   (3) It violates the Due Process Clause of the Fourteenth Amendment because §3(a)'s restriction on Designated Offenders' living within 2,000' of "any other place designated by the city as a place where children are known to congregate" is unconstitutionally vague.

4. Plaintiffs seek injunctive relief, as well as declaratory relief, on the grounds that the Ordinance is unconstitutional on its face and as applied. Plaintiffs also seek nominal and/or compensatory damages for the injuries associated with the deprivation of their constitutional rights.

---

[2] The Ordinance defines "Permanent Residence" as "a place where the person abides, lodges or resides for 14 or more consecutive days." §2(c). The Ordinance defines "Temporary Residence" as "a place where the person abides, lodges or resides for a period of 14 or more days in the aggregate during any calendar year ... or a place where the person routinely abides, lodges or resides for a period of 4 or more ... days in any month ..." §2(d).

[3] Section 4(a) allows a Designated Offender to reside anywhere in the City if he "established a permanent or temporary residence … before the effective day of this section." Section §4(d) allows Designated Offenders to reside in the primary residence of their "spouse, parents, grandparents siblings, or children provided that the spouse, parents, grandparents siblings, or children established the residence at least 2 years before the designated offender established residence at the location."

2

## Jurisdiction and Venue

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. §1983 and alleges violations of the Ex Post Facto Clause and Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of Wisconsin.

7. Declaratory relief is authorized under 28 U.S.C. §2201. A declaration of law is necessary and appropriate to determine the respective rights and duties of parties to this action.

## The Parties

8. Plaintiffs are all residents of the City of Milwaukee and have all been convicted of sex related offenses that require them to register as sexual offenders pursuant to §301.45 of Wisc. Stats., thereby subjecting him to the residency restrictions contained in the Ordinance.

9. Defendant City of Milwaukee is a municipal corporation governed by a Common Council, which, among other things, is empowered to enact ordinances under its home rule authority.

# FACTUAL ALLEGATIONS

## Allegations Common To All Plaintiffs

10. Pursuant to §3(b-2) of the Ordinance, an official map of the City of Milwaukee is maintained by the City Clerk showing all of the locations where Designated Offenders are prohibited from living in the City (*e.g.,* prohibited zones). This map shows that an overwhelmingly large percentage of the geographic area of the City (approximately 97 percent) is designated as a prohibited zone in which Designated Offenders are prohibited from living. Ex. A at 4.

11. As a result of these restrictions, each of the Plaintiffs in this case is harmed in one of two distinct ways: (a) Plaintiffs are either homeless because they are unable obtain compliant housing; or (b) they are confined to their current addresses and cannot move anywhere else within the City of Milwaukee although they want to move.

## Facts Pertinent to the Individual Plaintiffs

**Donald Mulder**

12. Plaintiff Mulder is a 52-year-old resident of Milwaukee. Due to a 2005 conviction, he is classified as a "Designated Offender" under the Ordinance.

13. Mulder lives in a room at 822 N. 24th Street. He has lived there since November of 2013. He is a renter and pays $400 per month.

14. Mulder badly wants to move out of this apartment and the neighborhood in which it is located, which is marred by violence and crime.

15. Mulder is married. Both Mulder and his wife are veterans of the U.S.

military. Mulder and his wife want to live together in Milwaukee but are currently forced to live separately because they cannot find housing that complies with the Ordinance.

16. Because Mulder is currently on extended supervision, he is unable to move out of Milwaukee County under state law. Wis. Stats. §301.03(20)(a).

17. Mulder cannot move to his wife's home in Glendale, Wisconsin, because Glendale, like many of the communities in Milwaukee County, imposes an "original domicile" restriction that prohibits individuals convicted of sex offenses from moving to the community if they did not live there at the time of their offense.

18. The Wisconsin Department of Corrections has told Mulder that he is prohibited from living in the City of Greenfield, which is where he lived at the time of his offense.

19. Practically speaking, Mulder is limited to living in the City of Milwaukee itself because of the "original domicile" restrictions enacted by most of the other municipalities in Milwaukee County.

20. Mulder and his wife have extensively searched for housing that complies with Milwaukee's residency restrictions so they can live together.

21. The City of Milwaukee has published a list identifying the addresses in the City of Milwaukee that are not in the prohibited zones. Ex. A at 5.

22. Over the course of the past year, Mulder and his wife have investigated every one of the addresses on this list, and not a single one was available to rent.

**Sylvester Jackson**

23. Plaintiff Jackson is 50 years old. Due to a 2008 conviction, he is classified as a "Designated Offender" under the Ordinance. Jackson will be on supervision until April 4, 2027.

24. Jackson currently lives in Milwaukee and is homeless because he cannot find any compliant housing.

25. Jackson usually sleeps in his broken-down car, which cannot be started due to a defective alternator.

26. Jackson has numerous serious health problems, including diabetes, sleep apnea and asthma. He must wear a c-pack breathing machine at night to breathe properly. He fears that being homeless puts his life at risk for two reasons: (i) he is unable to plug in his c-pack machine at night and (ii) he is a diabetic and does not have ready access to refrigerated food to allow him to eat properly.

**Ventae Parrow**

27. Plaintiff Parrow is 39 years old. Due to his 2001 conviction, he is classified as a "Designated Offender" under the Ordinance. Parrow will be on supervision until October 23, 2017, and probation until 2021.

28. Parrow lives in Milwaukee and is currently homeless.

29. Due to the residency restrictions imposed by the Ordinance, Parrow is unable to find any compliant housing.

30. Parrow stays in a different location every day to sleep, moving from one friend's house to another every day. He has been told by his parole agent, Shannon

Meyer, that he cannot stay in anyone's home for more than one day at a time.

31. In 2015, the City published a list identifying the addresses in the City of Milwaukee that are not in the prohibited zones. Ex. A at 5.

32. Parrow has investigated all of these addresses to seek out available housing, but none of them are available to rent and indeed some of the addresses do not even exist.

**Dimarco McMath**

33. Plaintiff McMath is 35 years old. Due to a 2000 conviction, he is classified as a "Designated Offender" under the Ordinance. McMath is not under any legal supervision.

34. McMath currently lives in Milwaukee at his mother's home at 7315 W. Carmen, which is located in a prohibited zone. He is legally permitted to live there pursuant to the §4(d) of the Ordinance, which allows Designated Offenders to reside in the primary residence of their "spouse, parents, grandparents siblings, or children provided that the spouse, parents, grandparents siblings, or children established the residence at least 2 years before the designated offender established residence at the location."

35. McMath is employed as a delivery driver at Hook's Fish & Chicken in Milwaukee. He works over 40 hours a week and earns enough money to afford his own apartment.

36. McMath would like to move out of his mother's home and live in his own place, but due to the residency restrictions imposed by the Ordinance, he is

unable to find any compliant housing.

**Jason Latimore**

37. Plaintiff Latimore is 38 years old. Due to a 1997 conviction, he is classified as a "Designated Offender" under the Ordinance. Latimore successfully completed five years of probation and is not under any legal supervision.

38. Latimore currently lives in Milwaukee at his parents' house at 2603 34th St. He has lived there for three years. The house is located in a prohibited zone, but he is able to live there pursuant to §4(d) of the Ordinance, which allows Designated Offenders to reside in the primary residence of their "spouse, parents, grandparents siblings, or children provided that the spouse, parents, grandparents siblings, or children established the residence at least 2 years before the designated offender established residence at the location."

39. Latimore would like to move out of his parent's home and live in his own place, but due to the residency restrictions imposed by the Ordinance, he is unable to find any other compliant housing.

**Glenn Davis**

40. Plaintiff Davis is 64 years old. Due to a 1997 conviction, he is classified as a "Designated Offender" under the Ordinance. Davis is on parole until 2018.

41. Davis currently lives in Milwaukee in a "rooming house," which is fully occupied by other registered sex offenders. It is located at 822 N. 24th St. This address is within a block of a school, but Davis has been allowed to stay there because he was grandfathered in pursuant to §4(a) of the Ordinance, which allows a

8

Designated Offender to reside anywhere in the City if he established and registered the residence "before the effective day of this section."

42. Davis would like to move out of his current residence. The area in which he lives is marred by crime and violence. But due to the residency restrictions imposed by the Ordinance, which close off the vast majority of Milwaukee to him, he is unable to find any other compliant housing.

43. Davis is a veteran of the United States armed forces.

## COUNT I
## 42 U.S.C. § 1983: VIOLATION OF THE EX POST FACTO CLAUSE

44. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

45. The Challenged Provision of the Ordinance violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, § 10, cl. 1, because it makes more burdensome the punishment imposed for offenses committed prior to enactment of the Ordinance and it applies retroactively—that is it applies to all individuals deemed "Designated Offenders" who committed their offenses before enactment of the Ordinance.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) issue a preliminary and then permanent injunction prohibiting retroactive application of the challenged provision of the Ordinance;

(b) issue a declaratory judgment that states that retroactive application of challenged provision of the Ordinance violates the prohibition in the United States Constitution against ex post facto laws;

(c) award Plaintiffs nominal and/or compensatory damages;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiffs any other relief the Court deems appropriate.

## COUNT II
## 42 U.S.C. §1983: FOURTEENTH AMENDMENT EQUAL PROTECTION

46. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

47. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which the Supreme Court has explained means that "all persons similarly situated should be treated alike" unless the difference in treatment is "rationally related to a legitimate state interest."

48. The Ordinance prohibits Designated Offenders from residing in an overwhelmingly large percentage of the City's geographic area unless such person "established a permanent or temporary residence and reported and registered the residence … before the effective day of this section" or resides in the primary residence of their "spouse, parents, grandparents siblings, or children provided that the spouse, parents, grandparents siblings, or children established the residence at least 2 years before the designated offender established residence at the location."

49. There is no rational reason for the difference in treatment of Designated Offenders based on where their family members live or where they lived at the time of the enactment of the Ordinance.

50. When it enacted these restrictions, the City did not obtain or consider any evidence that Designated Offenders pose different risks based on where their

family members live or how long their family members have lived at a particular address. Likewise, the City did not obtain or consider any evidence that Designated Offenders pose different risks based on where they lived at the time the Ordinance was enacted.

51. The difference in treatment between Designated Offenders under the Ordinance is not rationally related to a legitimate state interest and thus fails rational basis review.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) issue a preliminary and then permanent injunction prohibiting enforcement of the Ordinance;

(b) issue a declaratory judgment that the Ordinance is unconstitutional both on its face and as applied to Plaintiffs;

(c) award Plaintiffs nominal and/or compensatory damages;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiffs any other relief the Court deems appropriate.

## COUNT III
## 42 U.S.C. § 1983:
## FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

52. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

53. The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws that are unconstitutionally vague. As a matter of due process, statutory requirements must be written with sufficient clarity that persons of ordinary intelligence need not guess at their meaning.

54. The Ordinances provisions in §3(a) restricting Designated Offenders from living within 2,000' of "any other place designated by the city as a place where children are known to congregate" is invalid under the vagueness doctrine because those provisions fail to provide a person of ordinary intelligence fair notice of what is required and what is prohibited under the statute, making it impossible for the Plaintiffs to conform their conduct to the statutory requirements and making it likely that law enforcement officials will enforce the statutes in different ways in different places or against different people.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) issue a preliminary and then permanent injunction prohibiting enforcement of §3(a)'s restrictions on Designated Offenders' living within 2,000' of "any other place designated by the city as a place where children are known to congregate";

(b) issue a declaratory judgment that §3(a)'s restrictions on Designated Offenders' living within 2,000' of "any other place designated by the city as a place where children are known to congregate" is unconstitutional both on its face and as applied to Plaintiffs;

(c) award Plaintiffs nominal and/or compensatory damages;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiffs any other relief the Court deems appropriate.

**Plaintiffs demand trial by jury.**

Respectfully submitted,

/s/ Mark G. Weinberg

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869